UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHONTA EBONY SHAREE
HENDERSON,

    Plaintiff,

    v.                                CAUSE NO. 3:21-CV-968-JD-MGG

KAYLA McBRIDE, DONALD SNIDERS,
KAMRYN GRIFFIN,

    Defendants.

OPINION AND ORDER

Shonta Ebony Sharee Henderson, a prisoner without a lawyer, filed a complaint alleging she is being held in the St. Joseph County Jail for a crime she did not commit. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Henderson alleges Kamryn Griffin admits she setup Henderson on September 13, 2021, by sending messages from her phone prior to a robbery at a friend's house where they were visiting. For the purpose of this screening order, the court accepts

those allegations as true, but must dismiss Kamryn Griffin because the complaint does not state a federal law claim against her.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). A private individual can act under color of law when she is a "willful participant in joint action with the State or its agents." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citation omitted). "This requires evidence of a concerted effort between a state actor and that individual." *Id.* (internal quotation marks and citations omitted) (emphasis in original). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). This is called the "conspiracy theory" of section 1983 liability. *Spiegel*, 916 F.3d at 616. To establish such a claim, a plaintiff must allege: "(1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Id.* (*quoting Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion

2

to dismiss." *Id*. (*quoting Fries*, 146 F.3d at 458). Here, the complaint does not even hint that Kamryn Griffin was acting with State actors to setup Henderson on September 13, 2021, and these allegations do not state a claim. Because it is possible Henderson could have a State law claim against Griffin, the claims against her will be dismissed without prejudice so she can pursue them in State court.

Henderson alleges Detective Donald Sniders arrested her in connection with the robbery on September 13, 2021, even though she denied any involvement. "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Henderson acknowledges she was present when the robbers were let in and that she was found in a crashed car fleeing the scene. Though this is certainly not conclusive proof of guilt, it was sufficient to believe she was a suspect in the robbery and these allegations do not state a claim.

Finally, Henderson alleges Deputy Prosecutor Kayla McBride questioned Kamryn Griffin about whether Henderson was sex trafficking her and whether Griffin needed a mental examination. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir.

3

2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). "[T]he advocate's role in[cludes] evaluating evidence and interviewing witnesses as he prepares for trial . . .." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). McBride has prosecutorial immunity for her actions in interviewing Griffin and these allegations do not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DISMISSES the claims against Kamryn Griffin WITHOUT PREJUDICE; and

(2) DISMISSES all other claims WITH PREJUDICE.

SO ORDERED on April 8, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT